# People of the State of Illinois, Defendant in Error, v. Albert Oldfield, Plaintiff in Error.

## Gen. No. 18,218.

1. HUSBAND AND WIFE—*abandonment*. A verdict of guilty of a charge that defendant "wrongfully and unlawfully and without good cause" abandoned and refused to support his wife, will be sustained where the evidence, though conflicting, tends to show that he left her against her wishes and entreaties, after an unhappy series of quarrels, and refused to return.

2. CRIMINAL LAW—*remarks by prosecuting attorney*. Flippant remarks and attempts at joking, by the prosecuting attorney, although out of place are not ground for reversal, where not objected to by counsel, and where the jury has not been influenced thereby.

3. HUSBAND AND WIFE—*prosecution for abandonment*. On a prosecution of a husband for abandoning his wife without good cause, the answer filed by him to a divorce bill brought by his wife, is properly excluded from the evidence, where the same is self-serving and he is present in court and able to testify to anything contained therein.

4. HUSBAND AND WIFE—*prosecution for abandonment*. In a prosecution for wife abandonment, a divorce bill brought by the wife is competent evidence, when offered by defendant, as showing the admissions of the complaining witness, but it is not competent when offered by the state.

5. CRIMINAL LAW—*evidence*. In a prosecution for wife abandonment, an offer by the defendant to admit in evidence a divorce bill, brought by the wife, does not make competent the answer thereto, to explain or contradict the bill.

6. CRIMINAL LAW—*saving question for review*. The Appellate Court will not pass on the question of the competency of character evidence, where no objections were raised in the trial court, and where the opposing counsel cross-examined some of the character witnesses.

7. HUSBAND AND WIFE—*abandonment*. In a prosecution for wife abandonment, a judgment ordering the husband to pay his wife eight dollars a week for one year, is not excessive.

Prosecution for wife abandonment. Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed October 7, 1912.

P. J. O'SHEA, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

August 30, 1911, an information was filed in the Municipal Court of Chicago against the plaintiff in error (defendant below), Albert Oldfield, charging him with having in January, 1911, "wrongfully and unlawfully and without good cause" abandoned and neglected and refused to maintain and provide for his wife, Georgia W. Oldfield, contrary to the statute in such case made and provided.

The cause was submitted to a jury, who found the defendant guilty. A motion for a new trial was made by him and denied by the court, who thereupon "having heard the evidence introduced on the trial touching the circumstances and financial ability of said defendant, and having duly regarded said circumstances and financial ability," ordered that "said defendant be * * * directed and ordered to pay to Georgia W. Oldfield, the wife of said defendant, for the use of said wife, the sum of eight dollars * * * for and during the period of one year from and after" the date of the judgment.

This was in accordance with the power given the court by the Act of May 13, 1903, under which the information was filed. The court in its order, as further empowered by that Act, directed that the defendant be released from custody on probation for the space of one year on entering into a recognizance to be conditioned according to law in cases of this character.

Subsequently the plaintiff in error sued out this writ of error from this court, and in his assignment of errors alleged that the verdict and judgment were against the law and the evidence; that the court should have taken the cause from the jury; that improper

instructions were given by the court; that the court erred in permitting counsel to make remarks in the presence of the jury prejudicial to the defendant; that the court excluded proper evidence offered in behalf of the defendant and admitted improper evidence on behalf of the State.

As the instructions given by the court nowhere appear in the transcript of the record brought here, the assignment of error concerning them must of course be disregarded.

Those assignments based on the position that the verdict was clearly against the weight of the evidence, and that in consequence the jury should have been instructed to acquit or a new trial should have been granted, are not well founded.

There is an abundance of testimony to the effect that after an unhappy series of quarrels and difficulties the defendant in January, 1911, in a fit of ill temper or ill founded jealousy abandoned his wife for the last time, against his wife's wish and entreaties, and has refused in spite of them to return to her or to support her. If the testimony of the complaining witness, Mrs. Oldfield, corroborated by her mother and, to some extent, by others, is to be believed, both the abandonment and the "want of good cause" were shown.

It is quite true that specific denials of this testimony were made by the defendant and the assertion made by him that he did not voluntarily leave his wife, but was driven from home, and further, that if he is to be held to have voluntarily deserted his wife, he was justified by her imprudent and improper and probably immoral actions. His testimony to this effect was also to some extent corroborated.

Whom to believe in this direct conflict of testimony was a question for the jury and the judge, who had the witnesses before them. It is not worth while for us to speculate on what might have been our decision on the credibility of the conflicting witnesses, had it

been our duty to pass on it. It was not our duty, but that of the jury and the judge in the Municipal Court, and we do not hold that the decision at which they arrived was against the clear weight of the evidence.

We have made a careful study of the record in this case with reference to the charges made in the assignments of error that the court permitted prejudicial remarks of the prosecuting counsel during the trial and ruled on evidence erroneously. We can not find from the record itself any definite ruling which seems to us fatally erroneous, nor any general theory of evidence adhered to which would justify us in believing that anything so prejudicial to the defendant as to vitiate the verdict took place.

Improper and flippant remarks were made by the counsel for the People. They were not objected to and could not be said to have been permitted by the court. They would seem to have been for the most part poor attempts at joking, undignified and out of place, but not tending or likely to inflame the passions of the jury against the defendant. If objection had been made, the court would probably have admonished counsel to be more serious and confine himself to proper speech.

The plaintiff in error contends that the court erroneously excluded testimony concerning improper actions of Mrs. Oldfield before a certain date, at which a reconciliation had taken place after one of the recurring marital quarrels. But examination of the record rather than of the abstract shows no definite ruling on this matter which even on the theory of the plaintiff in error could have been prejudicial. At certain points in the trial questions in certain forms were objected to and excluded, but eventually everything which it would have been proper to admit under any theory concerning "condonation" was admitted. The jury heard it all.

The answer filed by the defendant to a divorce bill brought by his wife was properly excluded. It was a

self-serving declaration and he was present in court, able to testify to anything which was contained in that answer which was material or relevant to this controversy.

The bill was competent when offered by the defendant simply as showing the admissions of the complaining witness. It would not have been competent if offered by the State. Nor did the offer of it by the defendant—an offer which he was not obliged to make and could have withdrawn had he chosen when he found the answer would be excluded—make competent the answer to explain or contradict the bill. An entirely different question as to the answer is presented when a bill in chancery is competent evidence for the complainant and offered by him, or when the pleadings of parties foreign to the suit are competent and offered. The cases cited by counsel in his brief are not in point on the ruling here.

A more plausible ground for holding that erroneous rulings were made on evidence might be presented by the objection to the testimony on the reputation of Mrs. Oldfield for chastity and moral conduct, if it were not made for the first time in this court.

The counsel for the State proposed to call witnesses to this point, and the court assented in default of any objection made by the defendant's counsel, who in some cases cross-examined them. We are not called on, under such circumstances, to pass on any doubtful question of law as to the competency of this character evidence had it been admitted over objection. There was certainly no fatal error in ruling on the offer. There was no ruling made.

Assuming the correctness of the judgment otherwise, the amount in which the defendant was mulcted for the benefit of his abandoned wife does not appear to us excessive as a punishment or as a provision.

The judgment of the Municipal Court is affirmed.

*Affirmed.*